IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRAD LEE BARNHILL, ET AL.   *
                                           *

        v.   *   Civil No. JFM-07-1678
                                           *

CHARLES P. STRONG, JR., ET AL.   *
                                           *****

MEMORANDUM

Plaintiffs have brought this action alleging that they were wrongfully arrested and prosecuted on handgun and resisting arrest charges. Among the defendants they have sued are the prosecutors who instituted the charges and prosecuted the criminal cases. The gravamen of plaintiff's claims is that the prosecutor should have known of the unlawfulness of the search of their vehicle resulting in the seizure of two loaded handguns that formed the basis for the handgun charges.[1]

The prosecutor defendants have filed a motion to dismiss on the grounds of absolute immunity. The motion will be granted. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court ruled that a prosecutor has absolute immunity as to a federal constitutional claim for acts committed that are an integral part of the judicial process, including initiating the prosecution and presenting the State's case at trial. Here, plaintiffs' claims clearly relate to the initiation and prosecution of the criminal charges against them, and the prosecutor defendants are therefore entitled to absolute immunity on any federal constitutional claims being asserted by plaintiffs.

---

[1] Apparently, plaintiffs were initially convicted of the handgun and resisting arrest charges in the District Court for Washington County. However, after plaintiffs filed appeals and the case was retried in the Circuit Court for Washington County, the evidence found as a result of the search was suppressed and plaintiffs were acquitted.

Defendants are also entitled to absolute immunity for any state law claims asserted by plaintiffs. In *Gill v. Ripley*, 724 A.2d 88, 96 (Md. Ct. App. 1999), the Court of Appeals held that "prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process - evaluating whether to commence a prosecution by criminal information, presenting evidence to a grand jury in the quest for an indictment, filing charges, and preparing and presenting the State's case in court."

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: November 14, 2007                /s/_____
                                       J. Frederick Motz
                                       United States District Judge